O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK GALLEGOS, | ) | CASE NO. ED CV 10-01445 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Administrative Law Judge found that, for the year-long period between January 2007 and January 2008, Plaintiff met one of the listings for disability, but that he was not disabled either before or after that time. Plaintiff alleges four errors in the non-disability determination. The Court finds no error, however, and therefore affirms the Commissioner's decision.

Plaintiff first asserts that the Administrative Law Judge erred in finding that Plaintiff's depression was non-severe. In large part, Plaintiff relies on records he submitted after the Administrative Law Judge already had made his decision. The Administrative Law Judge hardly can be faulted for not basing his decision on records that had not yet been supplied.

Still, the Court is required to consider the entire record, including materials made of record before the Appeals Council. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-53 (9th

Cir. 1993). The Appeals Council allowed the late-submitted records to be part of the administrative record, so the question is whether they required a change in the finding by the Administrative Law Judge.

The Court concludes that they do not. The record is clear that Plaintiff refused to see a consulting mental health professional, and this failure is fatal to his claim that his impairment is severe; indeed, it is grounds for denying his application as to a mental impairment entirely, even if the impairment were severe. *See* 20 C.F.R. § 404.1518(a). Given Plaintiff's failure, it is hard to put any credence into his argument in this Court that the Administrative Law Judge failed to have a medical expert testify at the hearing as to this matter.

Plaintiff's second argument is that the Administrative Law Judge erred in her assessment of Plaintiff's asthma and obesity. However, Plaintiff leaves this argument hanging; he does not demonstrate any way in which there was any error. In particular, he does not demonstrate how his combination of asthma and obesity affected his functioning in some way that the Administrative Law Judge did not consider.

Plaintiff's third argument also is vague. He asserts that the Administrative Law Judge erred in her assessment of Dr. Rotterman, Plaintiff's orthopedist. The Administrative Law Judge did say that she did not place a great deal of weight in Dr. Rotterman's check-list evaluation [AR 20] as the cases allow her to do. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190 (9th Cir. 2004). Plaintiff does not say, however, what opinion of Dr. Rotterman's he thinks the Administrative Law Judge should have assessed differently. In any event, the Administrative Law Judge listed half a dozen reasons that she did not put a lot of stock in Dr. Rutterman's assessment [AR 20] and, again, case law backs her up. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)*; Batson, supra; Sandgathe v. Chater*, 108 F.3d 978, 980 (1997).

Plaintiff's final argument is that the Administrative Law Judge wrongly determined that he was not fully credible, and wrongly ignored a lay questionnaire. The Administrative Law Judge was required to give specific and legitimate reasons for

-2-

disbelieving Plaintiff as to the level of his pain or other subjective symptoms, *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), and she did so. The medical evidence was not consistent with Plaintiff's assertions, as almost all the physicians agreed that he could perform light work. Medical evidence is one factor that an Administrative Law Judge can consider in determining a claimant's credibility. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). In addition, for the period that he was determined not to be disabled, fairly conservative care was advised. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995). And, as noted, Plaintiff refused to attend a consulting examination, thereby showing a lack of cooperation that made his testimony suspect. The Administrative Law Judge acted within her scope of authority in concluding from these factors that Plaintiff's testimony as to the level of his pain was not to be believed.

It is true that the Administrative Law Judge did not discuss the lay witness written statement from Plaintiff's mother. Assuming that she was required to do so (the statement was not under oath, and Plaintiff's mother did not testify, so she could not answer questions about it), any error was harmless, as the statement merely mirrored Plaintiff's testimony, which the Administrative Law Judge properly had found wanting. *See Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

In accordance with the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: November 17, 2011

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE